F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 20 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY D. COSMO COSBY,

      Plaintiff-Appellant,

v.

LIEUTENANT H. GRAY, U.S.P.
Maximum, C. HODGES, S. Officer,
U.S.P. Maximum, HOPE REDDEN, S.
Officer, U.S.P. Maximum, (5)
UNKNOWN JOHN DOES (Use of
Force Team to be determined at a later
date), S. SMITH, SIS Tech, SIS
Department, T. G. WERLICH, Unit
Manager, EXECUTIVE STAFF,
U.S.P. Maximum,

      Defendants-Appellees.

No. 04-1286

(D. Colo.)

(D.C. No. 04-Z-1194)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges. **

---

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Gregory D. Cosmo Cosby is a frequent filer of civil complaints arising from his incarceration. He appeals the district court's order dismissing his amended civil complaint without prejudice. The court also denied Cosby's motion for leave to file the complaint based upon a claim of imminent danger of serious physical injury and to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. In addition, the court rejected Cosby's objections to the magistrate judge's order requiring him to cure his illegible handwritten complaint and show cause why his complaint should not be dismissed for failure to show consistent and long-term progress toward the repayment of unpaid filing fees from previously filed civil matters. Taking jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

BACKGROUND

Cosby currently owes at least $732.86 in civil filing fees as a result of six cases he has filed in this and other courts. The district court previously ordered that Cosby could not proceed IFP in any action in the Colorado district courts until he demonstrated over a six month to one-year period that he had made consistent progress toward the payment of the outstanding unpaid fees. *See Cosby v. Meadors*, No. 00-RB-267 (D. Colo. Dec. 2, 2003), *aff'd Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003) (setting forth in great detail Cosby's long history of failing to pay his filing fees). However, the district court's order did allow Cosby to proceed IFP without demonstrating fee progress as long as

Cosby could show that he is in imminent danger of serious physical injury and his complaint or petition seeks to redress such danger. *See id.* ; 28 U.S.C. § 1915(g) (barring prisoners from proceeding IFP if, on three prior occasions, they brought actions or appeals that were later deemed frivolous, but allowing prisoners to proceed IFP regardless if they are "under imminent danger of serious physical injury").

Cosby subsequently filed a complaint alleging he was in imminent danger of physical injury. He alleged (as best we can tell from the handwritten complaint) that Defendant Gray aggravated Cosby's preexisting asthmatic condition by spraying a chemical agent into his cell in February 2004. He also claims that Gray and other prison guards placed him in restraints that were too tight. The complaint was filed in June 2004, four months after the events in question. Accompanying Cosby's complaint were a motion to proceed IFP and a motion titled "Plaintiff's Motion for Leave to File Original Complaint Due to Imminent Danger." The magistrate judge found the documents illegible, directed Cosby to file amended pleadings that were legible, and ordered Cosby to show cause why his complaint should not be dismissed for failure to demonstrate progress toward the payment of his outstanding filing fees.

Cosby filed amended pleadings and objected to the magistrate judge's rulings. The district court examined Cosby's pleadings and found Cosby was not

in imminent danger of serious physical injury since over four months had passed since the "precipitating incident," a fact inconsistent with Cosby's claims. Cosby also failed to satisfy the court that he had made progress toward the payment of his outstanding filing fees. As a result, the district court dismissed Cosby's amended complaint, overruled his objection to the magistrate judge's rulings and order, denied his motion to proceed IFP, and denied his "Motion for Leave to File Original Complaint Due to Imminent Danger."

ANALYSIS

Cosby claims the district court abused its discretion when it dismissed his amended complaint because he is in fact in imminent danger of serious physical injury. Cosby asserts he was physically injured by a chemical agent that damaged his lungs and that he continues to suffer from the injuries. We have previously found that a prisoner fails to qualify for the imminent danger exception under 28 U.S.C. § 1915(g) if his complaint makes only vague and unspecific allegations. *See White v. State of Colo.*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). In his complaint, Cosby sets forth no facts or evidence that demonstrate what, if any, physical harm will arise if legal action is not immediately taken. We agree with the district court that the passage of four months from the time of the alleged injury and the filing of the complaint belies any danger. Thus, we affirm the district court's finding that Cosby was and is not in imminent danger.

In light of the fact that there is no threat of imminent serious injury, Cosby's complaint cannot proceed unless he demonstrates that he has made consistent and long-term progress toward the payment of his outstanding district court filing fees. Cosby claims that he paid $105 toward outstanding fees in his habeas case on appeal to this court and thus he has made the requisite demonstration. However, Cosby is required to demonstrate payment toward the filing fees of his various civil claims in district court. Cosby cannot make any such demonstration because he has not made any payments for, let alone consistent and long-term progress toward, the filing fees owed in those cases. Therefore, we find the district court did not err in dismissing Cosby's amended complaint without prejudice for failure to comply with the court's order. The court similarly did not err in denying his motion for leave to proceed IFP and for leave to file his amended complaint.

We deny Cosby's motions to proceed IFP in this court and to dismiss or add certain additional defendants.

WE AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge